BAKER v. KIMBALL, et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1842. Decided March 21, 1927

297. CONTRACTS—Evidence — 1. Where plaintiff continued to remain in household of defendants and to care for their mother because of certain conversations in which defendants promised to repay plaintiff, and both parties so understood and intended, this constitutes a valid consideration for alleged contract to pay for services.

2. Where evidence tends to show that plaintiff actually did care for defendant's mother after former had threatened to leave and work was done in view of conversations with de-

fendants, court erred in directing verdict for defendants.

**First Publication of this Opinion**

LLOYD, J.

Kathryn Baker instituted this action in the Lucas Common Pleas against Charles Kimball, et al. based on an alleged express contract made between Baker and Kimball, whereby Baker agreed to remain with and care for the mother of defendants, they agreeing to pay her the reasonable value of such services.

The lower court, at the conclusion of plaintiff's evidence, directed the jury to return a verdict in favor of the defendants. Judgment was entered on the verdict so returned and error was prosecuted.

It seems that Baker was taken from an orphanage by defendant's mother but was not adopted. There was some evidence tending to show that Baker cared for defendant's mother while she was ill and that plaintiff told defendants that the work was too heavy and that she desired to leave. Whereupon conversations took place in which defendants promised to well repay plaintiff if she stayed on, and took care of their mother. The Court of Appeals held:

1. We are of the opinion that the evidence tends to prove the contract alleged by plaintiff and that the trial court erred in directing a verdict for the defendants.

2. Considered in her relation to Mrs. Kimball and Charles Kimball, plaintiff was a member of the family, all of them residing together; but she bore no relation to the defendant, Mr. Cook (a married daughter) who resided with her husband and family in a home of her own.

3. Defendants had a natural interest in having their mother properly cared for and were privileged to contract with respect thereto if they saw fit.

4. From the record, defendants apparently believed plaintiff was leaving and this belief was the basis of the conversations had between them. If the jury were to find that such was the mutual expectation and intention of the parties, then plaintiff would be entitled to a verdict in her favor for the reasonable value of her services.

5. If plaintiff refrained from leaving the home of Mrs. Kimball as she claims, and continued to remain and care for Mrs. Kimball because of what she claims was said and done by the defendants, and both the plaintiff and defendants so understood and intended, then there was a valid consideration for the alleged contract.

Judgment therefore reversed, and cause remanded.

(Richard & Williams, JJ., concur.)

Attorneys—Deeds & Cole for Baker; Edward H. Ray for Kimball et; all of Toledo.